UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIANNA EVERING, Individually,
and on behalf of all others similarly situated,

    Plaintiff,

v.                                                  Case No: 8:16-cv-1192-T-27TBM

TAMPA FOOD AND HOSPITALITY,
INC., a Florida Corporation,
HOSPITALITY COMPANY OF
CENTRAL FLORIDA, INC. a Florida
Corporation d/b/a SCORES
GENTLEMEN'S CLUB & PRIME
STEAKHOUSE, TAMPA FOOD &
ENTERTAINMENT, INC., a Florida
Corporation d/b/a SCORES and LOUIS
MENDEL, individually,

    **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is Defendants' Motion to Compel Arbitration and Stay or Dismiss the Proceedings and to Stay Discovery Pending Determination of the Motion with Incorporated Memorandum of Law. (Dkt. 15), which Plaintiff opposes (Dkt. 16). Upon consideration, Defendants' Motion (Dkt. 15) is **GRANTED**.

**Background**

Plaintiff was an exotic dancer at Scores Gentlemen's Club & Prime Steakhouse, an adult entertainment establishment. She alleges that Defendants classified her as an independent contractor rather than an employee and failed to pay her any wages, in violation of the Fair Labor Standards Act

1

(FLSA) and Article X, Section 24 of the Florida Constitution. (Dkt. 13).

Defendants contend that Plaintiff's lawsuit should either be dismissed and compelled to arbitration or stayed pending the resolution of an arbitration because her claims are within the scope of an arbitration clause in the Performer License and Temporary Space Lease Agreement, to which Plaintiff is a party. (Dkt. 15-1). Although Plaintiff does not dispute that she entered into the Agreement with the "Club," she contends that the arbitration clause is unenforceable because it is void as contrary to public policy and alternatively, because the Agreement and arbitration clause are unconscionable.

**Standard**

Arbitration is a matter of contract. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67, 130 S. Ct. 2772, 2776, 177 L. Ed. 2d 403 (2010). "The 'principal purpose' of the FAA is to 'ensur[e] that private arbitration agreements are enforced according to their terms.'" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344, 131 S. Ct. 1740, 1748, 179 L. Ed. 2d 742 (2011), *quoting Volt Information Sciences, Inc., v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478, 109 S.Ct. 1248, 103 L.Ed. 2d 488 (1989). Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., a written arbitration agreement in a contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA requires federal courts to place arbitration clauses "on equal footing with other contracts." *Solymar Invs., Ltd. v. Banco Santander, S.A.*, 672 F.3d 981, 988 (11th Cir. 2012) (citing *Rent-A-Center*, 561 U.S. at 67). Still, arbitration clauses are to be interpreted broadly such that "any doubts concerning the scope of arbitral issues should be resolved in favor of arbitration." *Id.* (citations and quotation marks omitted). While the FAA expresses a federal preference for

arbitration, Congress tailored the statute "to make arbitration agreements as enforceable as other contracts, but not more so." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 n.12 87 S. Ct. 1801, 1806, 18 L. Ed. 2d 1270 (1967). Thus, the FAA is subject to constraints.

A party seeking to stay proceedings under § 3 of the FAA or to compel arbitration under § 4 must demonstrate that "(a) the plaintiff entered into a written arbitration agreement that is enforceable 'under ordinary state-law' contract principles and (b) the claims before the court fall within the scope of that agreement." *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008) (citations omitted). "Under the FAA, arbitration agreements are enforceable except where state or federal law provides grounds for their revocation. Thus, generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements." *Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1143 n.13 (11th Cir. 2010) (citation and quotation marks omitted).

### *Public Policy*

When an arbitration agreement operates as a "prospective waiver of a party's right to pursue statutory remedies," the agreement may be invalidated on public policy grounds. *Am. Exp. Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2310, 186 L. Ed. 2d 417 (2013) (internal quotation marks and citation removed); *see also Shotts v. OP Winter Haven, Inc.*, 86 So. 3d 456, 474 (Fla. 2011) (limitation of remedies provision in arbitration agreement violated public policy because it directly undermined specific statutory remedies). However, "so long as the prospective litigant effectively may vindicate its statutory cause of action in the arbitral forum, the statute will continue to serve both its remedial and deterrent function." *Am. Exp. Co.*, 133 S. Ct. at 2310. (citation and quotation marks omitted). And that is the case here, since Plaintiff has not demonstrated how the arbitration

3

clause prevents her from effectively vindicating her statutory claims in arbitration or limits her available remedies.

Plaintiff contends that the arbitration clause is contrary to public policy and therefore void because it requires her to submit her FLSA and minimum wage claims to binding arbitration and "eliminates the right to a trial by judge or jury and to bring or join in class action proceedings."[1] (Dkt. 16 at 5). Binding precedent forecloses this argument.

The Eleventh Circuit has held that FLSA claims may be arbitrated and FLSA collective actions may be waived. *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1334 (11th Cir.), *cert. denied*, 134 S. Ct. 2886, 189 L. Ed. 2d 836 (2014). And the Supreme Court has observed that non-consensual class arbitration "is inconsistent with the FAA." *AT&T Mobility LLC*, 563 U.S. at 348, 131 S. Ct. at 1751. The Florida Supreme Court follows this precedent. *McKenzie Check Advance of Fla., LLC v. Betts*, 112 So. 3d 1176, 1178 (Fla. 2013) (FAA preempts invalidating class action waiver on the basis of it being void as against public policy).

Applying this precedent, requiring Plaintiff to submit her FLSA claims to arbitration and enforcing her waiver of class/collective actions in accordance with her agreement does not contravene public policy.[2]

---

[1] The agreement provides: "the Parties agree to bring claims *only* on an individual basis, **not** as a class action, collection action, or in any other representative capacity . . . ." (Dkt. 15-1 ¶ 16(1)(d)(vi)) (emphases in original)

[2] Plaintiff provides no authority that requiring her to submit her claims under the Florida Constitution to arbitration and enforcing her class action waiver for those claims violates public policy. *Cf. Pratts v. Ares on Fowler, LLC*, No. 2:15-CV-124-FTM-38CM, 2015 WL 3539608, at *2 (M.D. Fla. June 3, 2015) (compelling exotic dancer's FLSA and minimum wage class/collective action to arbitration).

And Plaintiff does not argue that her FLSA claims are outside the scope of the Agreement because her claims relate to her being classified as an "employee" not as a "Licensee and Temporary Space Lessee." *See e.g. Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1248 (11th Cir. 2003) (FLSA was amended to provide standing to employees only). Assuming that Plaintiff is an employee for FLSA purposes, *see e.g. Harrell v. Diamond A Entm't, Inc.*, 992 F.Supp. 1343, 1348-53 (M.D. Fla. 1997) (examining the economic dependence an exotic dancer has on their "employer" to find the exotic dancer was an employee of the club), she provides no argument that her claims

*Unconscionability*

Plaintiff contends that the Agreement and arbitration clause are unconscionable. Under Florida law, when a litigant seeks to avoid an arbitration agreement, "the challenging party must establish that the arbitration agreement is both procedurally and substantively unconscionable." *Basulto v. Hialeah Automotive*, 141 So. 3d 1145, 1158 (Fla. 2014), *reh'g denied* (June 19, 2014); *see also Pendergast*, 592 F.3d at 1134. Plaintiff therefore has the burden of establishing both procedural and substantive unconscionability. *Id.*

Procedural unconscionability "relates to the manner in which the contract was entered" while substantive unconscionability "focuses on the agreement itself." *Basulto*, 141 So. 3d at 1158 (internal quotation marks and citations omitted). While both aspects must be present, they need not be present in the same degree and "both should be evaluated interdependently rather than as independent elements." *Id.* at 1161.

Other than argument, Plaintiff provides no factual basis supporting her procedural unconscionability argument.[3] *See SA-PG Sun City Ctr., LLC v. Kennedy*, 79 So. 3d 916, 920 (Fla.

---

for performing as an employee would not fall within the scope of the arbitration clause which states: "<u>The parties agree that this Agreement is subject to binding arbitration</u> . . . and any disputes under this Agreement, as well as any disputes that may have arisen at any time during the relationship between the parties . . . ." Dkt. 15-1 ¶ 16 (emphasis in original). *See Pratts.* 2015 WL 3539608, at *2. (compelling exotic dancer's claims to arbitration where her "Dancer Performance Lease" required arbitration of any claims arising out of her performance).

[3] Plaintiff makes a number of arguments which, even taken as true, do not support a finding that the arbitration clause should not be enforced. If, as Plaintiff argues, the Agreement was presented in a "coercive private setting," suggesting that she was under duress when she signed it, she must prove "(1) that the act was effected involuntarily and was not an exercise of free choice or will, and (2) that this condition of mind was caused by some improper and coercive conduct by the other side." *AMS Staff Leasing, Inc. v. Taylor*, 158 So. 3d 682, 687 (Fla. 4th DCA 2015). Plaintiff only states that she was in a "coercive private setting." That does not prove that she signed involuntarily because of some coercive *conduct* by the Defendants. *Id.*

And assuming that Plaintiff lacked bargaining power because she could not work at the club unless she signed the Agreement, that is not recognized under Florida law as sufficient evidence to establish duress. *Id.* ("the only evidence of a "threat" in this case was the threat that the plaintiff's services were not needed if he did not sign the employment contract. This is insufficient to constitute duress.").

Finally, even if the Agreement was presented on a "take-it-or-leave-it" basis, "[t]he presence of an adhesion

2d DCA 2012) ("the burden [is] on [the party claiming unconscionability] to present *evidence* sufficient to support that claim) (alterations in original) (emphasis added). The express terms of the Agreement provide that Plaintiff was given an opportunity to ask any questions or express any concerns about the Agreement, that she had an opportunity to consult with an attorney of her choice prior to entering the Agreement and choosing to perform as a Licensee and Temporary Space Lessee versus an employee, that she understood the terms, and that she "KNOWINGLY AND FREELY" agreed to abide by them. (Dkt. 15-1 at 1) (emphasis in original); *See e.g. Florida Holdings III, LLC v. Duerst ex rel. Duerst*, No. 2D15-1486, ___ So. 3d ___, 2016 WL 920540, at *4 (Fla. 2d DCA Mar. 11, 2016) (terms in nursing home admission agreement that gave the party a reasonable opportunity to understand the terms, ask any questions, consult an attorney, amongst others did not render the terms procedurally unconscionable). These express provisions do not support a finding of procedural unconscionability.

Plaintiff provides no argument that the Agreement and clause are substantively unconscionable. *See e.g. Zephyr Haven Health & Rehab Ctr., Inc. v. Estate of Clukey ex rel. Clukey*, 133 So. 3d 1230, 1232 (Fla. 2d DCA 2014) ("Because the [Plaintiff] has failed to demonstrate that the agreement was substantively unconscionable, this court need not reach the issue of whether the manner in which the agreement was entered was procedurally unconscionable."). She has therefore failed to establish that the arbitration agreement is both procedurally and substantively

---

contract alone does not require a finding of procedural unconscionability." *VoiceStream Wireless Corp. v. U.S. Commc'ns, Inc.*, 912 So. 2d 34, 40 (Fla. 4th DCA 2005).

    Even taking Plaintiff's arguments as true, she has not met her burden of proving that the Agreement is procedurally unconscionable because, for example, she was prevented from understanding its contents, *see e.g. Spring Lake NC, LLC v. Beloff*, 110 So. 3d 52, 55 (Fla. 2d DCA 2013), she was coerced into signing, *see e.g. id.*, the arbitration clause was hidden from her, *see e.g. Murphy v. Courtesy Ford, L.L.C.*, 944 So. 2d 1131, 1135 (Fla. 3d DCA 2006), or her mental state prevented her from understanding it. *see e.g. John Knox Vill. of Tampa Bay, Inc. v. Perry*, 94 So. 3d 715, 718 (Fla. 2d DCA 2012). *See Basulto*, 141 So. 3d at 1158.

unconscionable. *See Basulto*, 141 So.3d at 1158.

Accordingly, Defendant's Motion to Compel Arbitration and Stay or Dismiss the Proceedings, and to Stay Discovery Pending Determination of the Motion with Incorporated Memorandum of Law (Dkt. 15) is **GRANTED**. This case is **STAYED** pending arbitration. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** this 3rd day of August, 2016.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record